UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| ALLEN KELSO § | |
| § | CIVIL ACTION NO. |
| **Plaintiff** § | |
| § | |
| VS. § | |
| § | |
| FAMILY DOLLAR STORES, INC. § | |
| § | |
| **Defendant** § | |

## COMPLAINT

TO THE U.S. DISTRICT JUDGE:

**COMES NOW**, Plaintiff ALLEN KELSO and brings this cause of action against FAMILY DOLLAR STORES, INC., ("FAMILY DOLLAR STORES" or "Defendant"). FAMILY DOLLAR STORES, INC., owns, controls, manages, and rents the real estate, property, and improvements in Amarillo, Texas where a business named FAMILY DOLLAR STORE operates. Mr. KELSO respectfully shows that the Defendant's real estate, property, and improvements at the location are not accessible to individuals with mobility impairments and disabilities, in violation of federal law.

### I. CLAIM

1.  Mr. KELSO, a person with a physical disability and mobility impairments, brings this action for declaratory and injunctive relief, attorneys' fees, costs, and litigation expenses against Defendant for violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §§12181, *et seq.* ("ADA"), and its attendant regulations, the Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

2.  Defendant refused to provide Mr. KELSO and others similarly situated

1

with sufficient ADA-compliant parking in the parking lot that serves FAMILY DOLLAR STORE. At the Amarillo location, there are no ADA-compliant Van-accessible spaces on the shortest access route to the business. Additionally, several of the disabled parking spaces are missing signs.

Based on these facts, DEFENDANT has denied Mr. KELSO the ability to enjoy the goods, services, facilities, privileges, advantages, and accommodations at FAMILY DOLLAR STORE.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 and §1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), as the events complained of occurred in Amarillo, Texas where the FAMILY DOLLAR STORE business is located.

## PARTIES

5. Plaintiff ALLEN KELSO is an Honorably discharged, U.S. Army veteran who served as a military policeman in Germany. Mr. Kelso suffered a permanent disability as established by the Federal government and the Veteran's Administration. Mr. Kelso has a disabled placard on his vehicle from the State of Texas. He is a "qualified individual with a disability" within the meaning of ADA Title III.

6. Defendant FAMILY DOLLAR STORES, INC., owns, manages, controls, and leases the improvements and building where the FAMILY DOLLAR STORE is situated. The address of FAMILY DOLLAR STORE is 2500 SW 10th Ave, Amarillo,

TX 79102. The business is a place of public accommodation, operated by a private entity, whose operations affect commerce within the meaning of Title III of the ADA.

7. Defendant FAMILY DOLLAR STORES, INC., is the owner of the property. Defendant is a foreign corporation. Defendant can be served process via service to its President and CEO: Howard Levine, at Family Dollar Corporate Headquarters, 10401 Monroe Rd, Matthews, NC 28105 as indicated by records from the Texas Secretary of State.

## II. FACTS

8. FAMILY DOLLAR STORE is a business establishment and place of public accommodation in Amarillo, Texas. FAMILY DOLLAR STORE is situated on real estate, property, and improvements owned, controlled, managed, and leased out by FAMILY DOLLAR STORES, INC..

9. FAMILY DOLLAR STORE is not accessible to disabled individuals because it has no disabled / handicapped parking spaces on the premises whatsoever. There are no ADA-required disabled parking signs on premises. There are no ADA-compliant Van-accessible spaces on premises. There are no ADA-required access aisles on premises.

10. Pictures taken at the location prove this:



FAMILY DOLLAR STORE business in Amarillo, TX. There are no disabled / handicapped parking on the premises whatsoever. There are no ADA-required disabled parking signs on premises. There are no ADA-compliant Van-accessible spaces on premises. There are no ADA-required access aisles on premises.



No disabled / handicapped parking on the premises whatsoever. No disabled parking signs. No ADA-compliant Van-accessible spaces on premises.



FAMILY DOLLAR STORE business in Amarillo, TX. There are no disabled / handicapped parking on the premises whatsoever. There are no ADA-required disabled parking signs on premises. There are no ADA-compliant Van-accessible spaces on premises. There are no ADA-required access aisles on premises.

11. The Plaintiff went to FAMILY DOLLAR STORE property on August 21, 2021.

12. In encountering and dealing with the lack of an accessible facility, the Plaintiff experienced difficulty and discomfort. These violations denied Plaintiff the full and equal access to facilities, privileges and accommodations offered by the Defendant. Plaintiff intends to return to FAMILY DOLLAR STORE. By not having an ADA-compliant parking area, the Plaintiff's life is negatively affected because he is not able to safely access the location without fear of being struck by a vehicle. This causes the Plaintiff depression, discomfort, and emotional stress and the Plaintiff is prevented from resuming a normal lifestyle and enjoying access to businesses in his area.

13. Additionally, on information and belief, the Plaintiff alleges that the failure to remove the barrier was intentional because: (1) this particular barrier is intuitive and obvious; (2) the Defendant exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because Defendant intended this configuration; (3) Defendant has the means and ability to make the change; and (4) the changes to bring the property into compliance are "readily

14. At the Amarillo location, there are no ADA-compliant Van-accessible spaces on the shortest access route to the business. In addition, several disabled parking signs are missing and the disabled spaces are located on the far side of the building, thus deterring Disabled patrons from accessing the business.

15. The Americans with Disabilities Act (ADA), 42 U.S.C. §12101, has been federal law for 30 years.

### III. CAUSE OF ACTION - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12101

16. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

17. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

   a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services,

6

facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

      b.    A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2) (A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

      c.    A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

18.    Here, the Defendant did not provide a sufficient number of ADA-compliant parking spaces in its parking lot, although doing so is easily and readily done, and therefore violated the ADA.

## IV. RELIEF REQUESTED

<u>Injunctive Relief</u>

19.    Mr. KELSO will continue to experience unlawful discrimination as a result of the Defendant's refusal to comply with the ADA. Injunctive relief is necessary so he and all individuals with disabilities can access the Defendant's property equally, as required by law, and to compel Defendant to repave and restripe the parking lot to comply with the ADA. Injunctive relief is also necessary to compel Defendant to keep

7

the property in compliance with federal law.

Declaratory Relief

20. Mr. KELSO is entitled to declaratory judgment concerning Defendant's violations of law, specifying the rights of individuals with disabilities to access the goods and services at the Defendant's location.

21. The facts are undisputed and Defendant's non-compliance with the ADA has been proven through on-site photographs. Plaintiff proves a *prima facie* case of ADA violations by the Defendant.

Attorneys' Fees and Costs

22. Plaintiff is entitled to reasonable attorneys' fees, litigation costs, and court costs, pursuant to 42 U.S.C. §12205.

## V.  PRAYER FOR RELIEF

THEREFORE, Mr. KELSO respectfully requests this Court award the following relief:

A. A permanent injunction, compelling Defendant to comply with the Americans with Disabilities Act; and enjoining Defendant from violating the ADA and from discriminating against Mr. KELSO and those similarly situated, in violation of the law;

B. A declaratory judgment that Defendant's actions are a violation of the ADA;

C. Find that Mr. KELSO is the prevailing party in this action, and order Defendant liable for Plaintiff's attorneys' fees, costs, and litigation expenses; and,

   D. Grant such other and additional relief to which Plaintiff may be entitled in this action.

DATED: August 31, 2021

          Respectfully,

        By: */s/ R. Bruce Tharpe*
          R. Bruce Tharpe

          **LAW OFFICE OF**
          **R. BRUCE THARPE, PLLC**
          PO Box 101
          Olmito, TX 78575
          (956) 255-5111 (Tel)
          (866) 599-2596 (Fax)
          Email: rbtharpe@aol.com
          Questions@BruceTharpeLaw.com

          ATTORNEY OF RECORD FOR
          PLAINTIFF ALLEN KELSO